STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF KERSHAW )

# CIVIL ACTION COVERSHEET

Deloris Blakely, as Personal Representative of the Estate of Lori Jean Ellis

Plaintiff(s)

vs.

2010-CP - 28- 200

Kershaw County Sheriff's Office, Stephen D. McCaskill in his capacity as Sheriff of Kershaw County, Tyrell Coleman, William Sowell, South Carolina Department of Natural Resources, John E. Frampton in his capacity as the Director of the South Carolina Department of Natural Resources and Gregg Lowery

Defendant(s)

RECEIVED FEB 24 2010 INSURANCE RESERVE FUND CLAIMS DEPARTMENT

FILED FOR RECORD 2010 FEB 12 AM 11:38 JOYCE MCDONALD CLERK OF COURT KERSHAW COUNTY, S.C.

(Please Print)
Submitted By: Robert Phillips
Address: 1539 Healthcare Drive, Rock Hill, SC 29732

SC Bar #: 68458
Telephone #: 803-327-7800
Fax #: 803-328-5656
Other: khill@mcgowanhood.com
E-mail: rphillips@mcgowanhood.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (*Check all that apply*)

**If Action is Judgment/Settlement do not complete*

- ☒ JURY TRIAL demanded in complaint. ☐ NON-JURY TRIAL demanded in complaint.
- ☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

**Contracts**
- ☐ Constructions (100)
- ☐ Debt Collection (110)
- ☐ Employment (120)
- ☐ General (130)
- ☐ Breach of Contract (140)
- ☐ Other (199)

**Torts - Professional Malpractice**
- ☐ Dental Malpractice (200)
- ☐ Legal Malpractice (210)
- ☐ Medical Malpractice (220)
- ☐ Notice/ File Med Mal (230)
- ☐ Other (299)

**Torts – Personal Injury**
- ☐ Assault/Slander/Libel (300)
- ☐ Conversion (310)
- ☐ Motor Vehicle Accident (320)
- ☐ Premises Liability (330)
- ☐ Products Liability (340)
- ☐ Personal Injury (350)
- ☒ Wrongful Death (360)
- ☐ Other (399)

**Real Property**
- ☐ Claim & Delivery (400)
- ☐ Condemnation (410)
- ☐ Foreclosure (420)
- ☐ Mechanic's Lien (430)
- ☐ Partition (440)
- ☐ Possession (450)
- ☐ Building Code Violation (460)
- ☐ Other (499)

**Inmate Petitions**
- ☐ PCR (500)
- ☐ Mandamus (520)
- ☐ Habeas Corpus (530)
- ☐ Other (599)

**Judgments/Settlements**
- ☐ Death Settlement (700)
- ☐ Foreign Judgment (710)
- ☐ Magistrate's Judgment (720)
- ☐ Minor Settlement (730)
- ☐ Transcript Judgment (740)
- ☐ Lis Pendens (750)
- ☐ Transfer of Structured

**Administrative Law/Relief**
- ☐ Reinstate Driver's License (800)
- ☐ Judicial Review (810)
- ☐ Relief (820)
- ☐ Permanent Injunction (830)
- ☐ Forfeiture-Petition (840)
- ☐ Forfeiture—Consent Order (850)
- ☐ Other (899)

**Appeals**
- ☐ Arbitration (900)
- ☐ Magistrate-Civil (910)
- ☐ Magistrate-Criminal (920)
- ☐ Municipal (930)
- ☐ Probate Court (940)
- ☐ SCDOT (950)
- ☐ Worker's Comp (960)

Application (760)

☐ Other (799)

☐ Administrative Law Judge (980)

☐ Public Service Commission (990)

☐ Employment Security Comm (991)

☐ Other (999)

Special/Complex /Other

☐ Environmental (600)

☐ Automobile Arb. (610)

☐ Medical (620)

☐ Other (699)

☐ Pharmaceuticals (630)

☐ Unfair Trade Practices (640)

☐ Out-of State Depositions (650)

☐ Sexual Predator (510)

**Submitting Party Signature:** ______________________ **Date:** February 20, 2010

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

STATE OF SOUTH CAROLINA

COUNTY OF KERSHAW

IN THE COURT OF COMMON PLEAS
TENTH JUDICIAL CIRCUIT
C. A. NO: 2010-CP-28- 200

Deloris Blakely, As Personal Representative of the Estate of Lori Jean Ellis,

Plaintiff(s),

vs.

Kershaw County Sheriff's Office, Stephen D. McCaskill in his capacity as Sheriff of Kershaw County, Tyrell Coleman, William Sowell, South Carolina Department of Natural Resources, John E. Frampton in his capacity as the Director of the South Carolina Department of Natural Resources and Gregg Lowery,

Defendant(s)

SUMMONS

RECEIVED
FEB 24 2010
INSURANCE RESERVE FUND
CLAIMS DEPARTMENT

FILED FOR RECORD
2010 FEB 12 AM 11: 38
JOYCE McDONALD
CLERK OF COURT
KERSHAW COUNTY, S.C.

TO: THE DEFENDANTS ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at his office at 1539 Health Care Drive, Rock Hill, South Carolina, 29732, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to Answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

MCGOWAN HOOD & FELDER, LLC

Robert V. Phillips, Esq.
1539 Health Care Drive
Rock Hill, South Carolina 29732
(803) 327-7800 – Office
(803) 328-5656 – Facsimile
rphillips@mcgowanhood.com

Rock Hill, South Carolina
February 10, 2010

ATTEST True, Correct & Certified Copy of Original on File in this Court
Clerk of Court Kershaw County

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| --- | --- |
| COUNTY OF KERSHAW | TENTH JUDICIAL CIRCUIT<br>C. A. NO: 2010-CP-28- 200 |

Deloris Blakely, As Personal Representative of the Estate of Lori Jean Ellis,

Plaintiff(s),

vs.

Kershaw County Sheriff's Office, Stephen D. McCaskill in his capacity as Sheriff of Kershaw County, Tyrell Coleman, William Sowell, South Carolina Department of Natural Resources, John E. Frampton in his capacity as the Director of the South Carolina Department of Natural Resources and Gregg Lowery,

Defendant(s)

**COMPLAINT**
(Jury Trial Requested)

The Plaintiff, by and through her undersigned counsel, for a Complaint against the Defendants, do hereby respectfully allege as follows:

## PREFACE

The Plaintiff Deloris Blakely (hereinafter "Blakely") as personal representative of the estate of Lori Jean Ellis (hereinafter "decedent") brings this Wrongful Death and Survival Action for a violation of the Decedent's rights under federal and state law. Plaintiff alleges two officers of the Kershaw County Sheriff's Office and one agent of the South Carolina Department of Natural Resources used excessive force upon the Decedent during a routine serving of a misdemeanor warrant and executed their duties in a grossly negligent manner which proximately caused the death of the Decedent and under any State Law cause of action these Defendants' employers are liable for the actions of said Defendants.

## PARTIES

**Plaintiffs**

1. The Plaintiff, Deloris Blakely, (hereinafter, "Blakely") is the duly appointed Personal Representative of the Estate of Lori Jean Ellis (hereinafter "Decedent"). She brings this action on behalf of the Estate of Decedent, for damages recoverable pursuant to § 15-5-90, Code of Laws of South Carolina (1976) and for damages recoverable by the statutory beneficiaries of Decedent pursuant to § 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended).

**Defendants**

2. The Defendant, Stephen D. McCaskill (hereinafter "Sheriff"), at all relevant times, was the Sheriff of Kershaw County and had responsibility for the management and operation of the Kershaw County Sheriff's Office as well as being responsible for the actions of all deputies of the Kershaw County Sheriff's Office. He is sued in his representative capacity for the office of the Kershaw County Sheriff's Office pursuant to the South Carolina Tort Claims Act which makes the employing entity liable for the torts of its employees (*S.C.Code* §15-78-70). Plaintiff alleges the Kershaw County Sheriff Office is liable for the acts and omissions of Tyrell Coleman and William Sowell during the execution of a warrant being served on the Decedent. Plaintiff alleges all deputies were acting within the course and scope of their official duties as deputy sheriffs in relation to this claim. Sheriff is sued for compensatory damages under state law.

3. The Defendants Tyrell Coleman (hereinafter "Coleman") and William Sowell (hereinafter "Sowell"), were at all relevant times acting under color of state law

and in the course and scope of their duties as deputy sheriffs for the Kershaw County Sheriff's Office. They are sued in their individual capacities for compensatory and punitive damages under federal law.

4. The Defendant, John E. Frampton, (hereinafter "Director"), at all relevant times, was the Director of the South Carolina Department of Natural Resources of the State of South Carolina and had responsibility for the management and operation of the Department of Natural Resources as well as being responsible for the actions of all agents of the Department of Natural Resources. He is sued in his representative capacity for the Department of Natural Resources pursuant to the South Carolina Tort Claims Act which makes the employing entity liable for the torts of its employees (*S.C.Code* §15-78-70). Plaintiff alleges the Department of Natural Resources is liable for the acts and omissions of Gregg Lowery during the execution of a warrant being served on the Decedent. Plaintiff alleges Agent Lowery was acting within the course and scope of his official duties as an agent of the Department of Natural Resources in relation to this claim. Director is sued for compensatory damages under state law.

5. The Defendant, Gregg Lowery (hereinafter "Lowery"), was at all relevant times acting under color of state law and in the course and scope of his duties as an agent for the Department of Natural Resources. He is sued in his individual capacity for compensatory and punitive damages under federal law.

6. That the Defendant Kershaw County Sheriff's Office (hereinafter "KCSO") is a political subdivision of the State of South Carolina and/or some other type of entity that is responsible for the actions of its agents and employees and that Deputies Tyrell Coleman and William Sowell were agents and/or employees of KCSO and at all

times mentioned herein were acting within the scope and course of their employment.

7. That the Defendant Department of Natural Resources (hereinafter "Department") is a political subdivision of the State of South Carolina and/or some other type of entity that is responsible for the actions of its agents and employees and that Agent Gregg Lowery was an agent and/or employee of Department and at all times mentioned herein was acting within the scope and course of his employment.

8. Upon information and belief, agents and/or employees of KCSO and Department had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties.

9. The negligent acts, omissions and liability of all Defendants includes their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency and/or respondeat superior.

**JURISDICTION**

10. Jurisdiction is founded upon South Carolina common law against Sheriff McCaskill, in his representative capacity for the office of the Kershaw County Sheriff's Office, pursuant the South Carolina Tort Claims Act *S.C. Code Ann.* § 15-78-10, *et seq.*. The events which give rise to this litigation occurred in Kershaw County, South Carolina. Plaintiff further invokes this Court's concurrent jurisdiction to hear claims arising under the Fourteenth Amendment of the United States Constitution and brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual Defendants.

**JOINT AND SEVERAL LIABILITY**

11. The above-named Defendants are jointly and severally liable for all

damages alleged herein since their negligent, grossly negligent, reckless and wanton acts and omissions, singularly or in combination, are the direct and proximate cause of Blakeley's and Decedent's damage, injuries and losses.

**GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

12. That on February 21, 2008 Lori Jean Ellis was a resident of her house at 1216 Dogwood Lane in the City of Cassatt in the County of Kershaw, State of South Carolina.

13. That on that same day, or rather night, Defendants Coleman, Sowell and Lowery decided to serve an arrest warrant for a misdemeanor check charge upon Decedent.

14. That under the cover of the nightime darkness these three Defendants came up to Lori Jean Elli's house which was surrounded by a standard four foot high chain-link "dog enclosure" fence.

15. That when they approached the gate, Lori Jean's dog came up to the gate and one or more of these Defendants maced the dog with police strength pepper spray when the dog that was only doing what was natural to it when a stranger approached the residence.

16. That according to Defendant Lowery, Lori Jean came to the front door, called for her dog and went back inside.

17. That at no time did she make any threatening movements, gestures or statements towards these Defendants or anyone else.

18. That these three Defendants then took the Department of Natural Resources pick-up truck which was dark in color, had no "emergency vehicle" lights and

only a small emblem on the door and rammed down the gate of Defendant's yard.

19. That Defendants Coleman and Sowell then rode in the back of the pick-up truck "cowboy style" while Defendant Lowery drove to the back-door entrance of Lori' Jean's House.

20. That these Defendants then, without knocking, used a Leatherman tool to try and "jimmy" the door open.

21. When this failed they then took a large heavy metal object and "batter-rammed" the door open.

22. That upon seeing Lori Jean in the hallway of her own home, these Defendants then began firing live bullets at Lori Jean.

23. That these three Defendants shot Lori Jean directly in the back of the head near the base of her skull with one of the bullets becoming lodged in and partially exiting Lori Jean's left eye and killing her instantly.

24. That upon being shot in the back of the head and being killed instantly, Lori Jean's body fell with her upper torso and head landing in the bathroom which was to the right and down the hall and then left into the bathroom.

25. That later that same night, SLED agents were called to the scene to perform an investigation which included taking statements and photographs of the scene.

26. That when speaking to SLED, Defendant Lowery gave a written statement that Lori Jean approached these Defendants with a raised gun pointing in their direction and then "saw smoke" coming from the end of her gun.

27. Defendant Coleman in his written statement to SLED stated he saw a "flash" coming from the gun that Lori Jean was pointing at them.

28. Defendant Sowell in his written statement to SLED stated her heard a "shot" coming from Lori Jean's gun.

29. That these three Defendants in calling into dispatch, indicated that shots had been fired from a "high powered rifle".

30. That when the entire house was searched by SLED only a non-working bb/pellet gun was found.

31. Plaintiff alleges the Defendants acted in a grossly negligent manner and used excessive force while executing a misdemeanor check warrant.

32. As a direct and proximate result of these acts and omissions Plaintiff's Decedent suffered the following injuries and damages:

    a. A violation of her Constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article 1 of the South Carolina Constitution from the use of excessive force;

    b. Loss of her life; and

    c. Physical pain and suffering and emotional trauma and suffering.

33. Her family members suffered the untimely end of their relation with the Decedent with corresponding loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and were forced to incur funeral and burial expenses.

34. The acts and omissions of the Defendants violated the following clearly established and well settled Federal and State Constitutional rights of Lori Jean Ellis by using excessive force.

**FOR A FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 Excessive Force: Wrongful Death)**

35. The Plaintiff incorporates by reference all previous allegations of fact and law in the paragraphs above as if repeated herein.

36. The Plaintiff posed no physical threat to any of the Defendants or to the general public at large and was quite literally incapable of inflicting severe bodily injury to any of the Defendants and the these Defendant had no reasonable belief they were in danger of death or severe bodily injury.

37. Their acts and omissions constituted an excessive use of force proximately causing a violation of Decedent Lori Jean Ellis' Fourth and Fourteenth Amendment rights.

38. The Plaintiff claims damage for the wrongful death of Lori Jean Ellis and for the loss of her income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, and for funeral and burial expenses under 42 U.S.C. § 1983.

**FOR A SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 Excessive Force: Survival Action)**

39. The Plaintiff incorporates by reference all previous allegations of fact and law in the paragraphs above as if repeated herein.

40. The Decedent Lori Jean Ellis was forced to endure great conscious pain and suffering before her death in that she was under great stress and fear for her life

before these Defendants ultimately fired the bullet into the back of her head that killed her.

41. Decedent filed no action during her lifetime but under the laws of the State of South Carolina this action survives and may be asserted by her Estate.

42. Their acts and omissions constituted an excessive use of deadly force proximately causing a violation the of Decedent Lori Jean Ellis' Forth and Fourteenth Amendment right to due process.

**FOR A THIRD CAUSE OF ACTION**
**(Negligence & Gross Negligence - Wrongful Death)**

43. The Plaintiff incorporates by reference all previous allegations of fact and law in the paragraphs above as if repeated herein.

44. The Defendants all departed from the duties of care required by law enforcement officers and the agencies that hire, train and employ these officers and were thereby negligent, careless, grossly negligent, reckless and acted in violation of the duties owed to Decedent in that they committed one or more of the following acts of omission or commission, any or all of which were departures from the prevailing duties of care:

a. in failing to ensure the safety of the Decedent;

b. in failing to appreciate the conditions that existed on the night in question when using force such as driving over a citizen's fence, battering her back door and discharging deadly weapons without just cause;

c. in failing to adhere to proper law enforcement procedures when serving warrants;

d. in failing to use alternative less violent and/or lethal methods of executing a warrant;

e. in failing to have in place proper and adequate policies, procedures and protocols for law enforcement officers serving warrants or, if such policies, procedures and protocols were in place, in failing to use due care

to enforce them;

f. in failing to properly have in place and adequate policies, procedures and protocols for the use of deadly force or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

g. in failing to properly train and educate their employees or, if properly trained and educated, in failing to allow their employees to exercise independent judgment and care;

h. in such other particulars as may be ascertained through discovery procedures undertaken pursuant to South Carolina Rules of Civil Procedure.

45. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the duties of care owed by Defendants, the Plaintiff's Decedent was shot in the back of her skull which resulted in her death, as a result of which the Plaintiff's Decedent's statutory beneficiaries have lost the aid, comfort, support, society and companionship of the decedent, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, for which the Plaintiffs are entitled to recover on behalf of statutory beneficiaries, actual damages pursuant to § 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended) in an amount to be determined by a jury at the trial of this action.

**FOR A FOURTH CAUSE OF ACTION**
**(Negligence & Gross Negligence - Survivorship Action)**

46. The Plaintiff incorporates by reference all previous allegations of fact and law in the paragraphs above as if repeated herein:

47. The Plaintiff's Decedent's estate, as a direct and proximate result of the negligence, carelessness, gross negligence, and recklessness of the Defendants, as aforesaid, has incurred expenses in the form of funeral and burial expenses. The Plaintiff is further informed and does believe that as a direct and proximate result of the

negligence, carelessness, gross negligence, and recklessness of the Defendants, as aforesaid, the Plaintiff's Decedent suffered fear, physical pain, and suffering, mental and emotional distress and anguish in the time before her death as well as medical bills and funeral expenses after her death, for which the Plaintiffs Decedent's estate is entitled to an award of actual damages pursuant to § 15-5-90, Code of Laws of South Carolina (1976) in an amount to be determined by a jury at the trial of this action.

WHEREFORE, Plaintiff, respectfully prays for judgment against Defendants for all actual damages, consequential damages and punitive damages in an amount to be determined by a jury at the trial of this action as well as attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 1988 and for such other and further relief as this Court deems just and proper.

**MCGOWAN, HOOD, & FELDER, LLC**

Robert V. Phillips, Esq.
1539 Health Care Drive
Rock Hill, South Carolina 29732
(803) 327-7800 - Office
(803) 328-5656 - Facsimile
rphillips@mcgowanhood.com

Rock Hill, South Carolina
February _/6_, 2010