# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

| | | |
|---|---|---|
| Deloris Blakely, As Personal Representative of the Estate of Lori Jean Ellis,<br><br>        Plaintiff,<br><br>v.<br><br>Kershaw County Sheriff's Office, Stephen D. McCaskill in his capacity as Sheriff of Kershaw County, Tyrell Coleman, William Sowell, South Carolina Department of Natural Resources, John E. Frampton, in his capacity as the Director of the South Carolina Department of Natural Resources and Gregg Lowery,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action Number: 3:10-cv-00707-JFA<br><br><br><br><br>**AMENDED ANSWER ON BEHALF OF<br>DEFENDANT GREGG LOWERY**<br><br>**(JURY TRIAL DEMANDED)** |

Defendant Gregg Lowery hereby answers Plaintiff's Complaint;

## FOR A FIRST DEFENSE

1.     Plaintiff's Complaint fails to state a cause of action as to this Defendant and he reserves the right to file a motion pursuant to Rule 12(b)(6), FRCP.

## FOR A SECOND DEFENSE

2.     Plaintiff has failed to comply with the requirements of Rule 4(d), FRCP and this Defendant reserves the right to file a motion pursuant to Rule 12(b)(5), FRCP.

## FOR A THIRD DEFENSE

3.     This Defendant denies each and every allegation of Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained.

4.       As to the unnumbered "Preface" of Plaintiff's Complaint, this Defendant avers that the paragraph contains legal conclusions that require no response. Insofar as the paragraph alleges any factual allegations, this Defendant denies each and every allegation and demands strict proof thereof.

5.       As to Paragraph 1 of Plaintiff's Complaint, this Defendant lacks sufficient information to form a reasonable belief as to the truth or veracity of the allegations and therefore denies same and demands strict proof thereof. Insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

6.       As to Paragraph 2 of Plaintiff's Complaint, this Defendant admits only that Stephen D. McCaskill was, at the time relevant to the Complaint, the duly elected Sheriff of Kershaw County and further admits, upon information and belief, that Deputies Tyrell Coleman and William Sowell were acting within the course and scope of their employment at the times relevant to the Complaint. Any remaining allegations are denied and strict proof demanded. Insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

7.       As to Paragraph 3 of Plaintiff's Complaint, this Defendant admits only, upon information and belief, that Deputies Coleman and Sowell were at the times relevant to the Complaint acting within the course and scope of their employment. Insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

8.    As to Paragraph 4 of Plaintiff's Complaint, this Defendant admits only that he was, at the times relevant to the Complaint, an employee of the State of South Carolina serving as a law enforcement officer of the South Carolina Department of Natural Resources, and that he was acting within the course and scope of his employment at the times relevant to the Complaint. Insofar as the paragraph makes allegations against another Defendant, this Defendant admits only that Defendant Frampton was employed by the Department of Natural Resources in the position of Director and, upon information and belief, acting within the course and scope of his employment at the times relevant to the Complaint. Insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

9.    As to Paragraph 5 of Plaintiff's Complaint, this Defendant admits he was, at the times relevant to the Complaint, an employee of the Department of Natural Resources acting within the course and scope of his employment. Insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

10.    As to Paragraph 6 of Plaintiff's Complaint, this Defendant avers that the allegations of the paragraph are directed toward another defendant and require no response by this Defendant. Insofar as the paragraph requires a response by this Defendant, the allegations are denied as stated and strict proof demanded. Insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

11.    As to Paragraph 7 of Plaintiff's Complaint, this Defendant admits only that the South Carolina Department of Natural Resources is an agency of the State of South Carolina and

that he was acting within the course and scope of his employment as a law enforcement officer for the South Carolina Department of Natural Resources at the times relevant to the Complaint. Insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

12.     As to Paragraph 8 of Plaintiff's Complaint, this Defendant avers that the allegations of the paragraph are directed toward another defendant and require no response by this Defendant. Further, insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

13.     As to Paragraph 9 of Plaintiff's Complaint, this Defendant avers that the paragraph contains legal conclusions and that such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

14.     As to Paragraph 10 of Plaintiff's Complaint, this Defendant admits, upon information and belief, that the events giving rise to this litigation occurred within Kershaw County, South Carolina. Any remaining allegations are denied and strict proof demanded. Insofar as the paragraph contains legal conclusions, such conclusions can be neither admitted nor denied. Insofar as the legal conclusions require a response they are denied and strict proof demanded.

15.     As to Paragraph 11 of Plaintiff's Complaint, this Defendant avers that the paragraph contains only legal conclusions and requires no response by this Defendant. Insofar as the paragraph requires a response, the allegations are denied and strict proof demanded.

16.    As to Paragraph 12 of Plaintiff's Complaint, this Defendant lacks sufficient information to form a reasonable belief as to the truth or veracity of the allegations and therefore denies same and demands strict proof thereof.

17.    As to Paragraph 13 of Plaintiff's Complaint, this Defendant admits only that Defendants Coleman, Sowell, and Lowery attempted to serve an arrest warrant on Lori Jean Ellis.  Any remaining allegations are denied as stated and strict proof demanded.

18.    As to Paragraph 14 of Plaintiff's Complaint, this Defendant admits only that Coleman, Sowell, and Lowery went to Ellis' residence in the evening in order to serve the arrest warrant and that the residence was surrounded by a chain link fence that contained a pit bull breed canine or its derivative.  Any remaining allegations are denied as stated and strict proof demanded.

19.    As to Paragraph 15 of Plaintiff's Complaint, this Defendant admits, upon information and belief, that one of the officers utilized a pepper based spray to dissuade the aforementioned pit bull breed or derivative canine from attacking them.   Any remaining allegations are denied as stated and strict proof demanded.

20.    As to Paragraph 16 of Plaintiff's Complaint, this Defendant admits, upon information and belief, that Ellis opened the door of her residence and returned inside.  Any remaining allegations are denied as stated and strict proof demanded.

21.    As to Paragraph 17 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

22.    As to Paragraph 18 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

23.     As to Paragraph 19 of Plaintiff's Complaint, this Defendant admits, upon information and belief, only that Deputies Coleman and Sowell rode in the rear of Defendant Lowery's vehicle and that Defendant Lowery drove the vehicle to the door of Plaintiff's residence. Any remaining allegations are denied as stated and strict proof demanded.

24.     As to Paragraph 20 of Plaintiff's Complaint, this Defendant denies same as stated and demands strict proof thereof.

25.     As to Paragraph 21 of Plaintiff's Complaint, this Defendant denies same as stated and demands strict proof thereof.

26.     As to Paragraph 22 of Plaintiff's Complaint, this Defendant denies same as stated and demands strict proof thereof.

27.     As to Paragraph 23 of Plaintiff's Complaint, this Defendant denies same as stated and demands strict proof thereof.

28.     As to Paragraph 24 of Plaintiff's Complaint, this Defendant denies same as stated and demands strict proof thereof.

29.     As to Paragraph 25 of Plaintiff's Complaint, this Defendant admits only that agents of the South Carolina State Law Enforcement Division were called to the scene and performed an investigation. Any remaining allegations are denied as stated and strict proof demanded.

30.     As to Paragraph 26 of Plaintiff's Complaint, this Defendant denies same as stated and demands strict proof thereof. Defendant further craves reference to the aforementioned document.

31.     As to Paragraph 27 of Plaintiff's Complaint, this Defendant lacks sufficient information to form a reasonable belief as to the truth or veracity of the allegation and therefore

denies same and demands strict proof thereof. Defendant further craves reference to the aforementioned document.

32.    As to Paragraph 28 of Plaintiff's Complaint, this Defendant lacks sufficient information to form a reasonable belief as to the truth or veracity of the allegation and therefore denies same and demands strict proof thereof. Defendant further craves reference to the aforementioned document.

33.    As to Paragraph 29 of Plaintiff's Complaint, this Defendant lacks sufficient information to form a reasonable belief as to the truth or veracity of the allegation and therefore denies same and demands strict proof thereof. Defendant further craves reference to the aforementioned recording.

34.    As to Paragraph 30 of Plaintiff's Complaint, this Defendant lacks sufficient information to form a reasonable belief as to the truth or veracity of the allegation and therefore denies same and demands strict proof thereof.

35.    As to Paragraph 31 of Plaintiff's Complaint, this Defendant avers that the paragraph requires no response as it contains legal conclusions. Insofar as the paragraph requires a response, the allegations are denied and strict proof demanded.

36.    As to Paragraph 32, including subparagraphs a, b, and c, of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

37.    As to Paragraph 33 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

38.    As to Paragraph 34 of Plaintiff's Complaint, this Defendant avers that the paragraph contains legal conclusions requiring no response by this Defendant. Insofar as the paragraph requires a response, the allegations are denied and strict proof demanded.

39.    As to Paragraph 35 of Plaintiff's Complaint, this Defendant repeats and realleges each and every denial and defense as if repeated herein verbatim.

40.    As to Paragraph 36 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

41.    As to Paragraph 37 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

42.    As to Paragraph 38 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

43.    As to Paragraph 39 of Plaintiff's Complaint, this Defendant repeats and realleges each and every denial and defense as if repeated herein verbatim.

44.    As to Paragraph 40 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

45.    As to Paragraph 41 of Plaintiff's Complaint, this Defendant avers that the paragraph contains legal conclusions requiring no response by this Defendant.  Insofar as the paragraph requires a response the allegations are denied and strict proof demanded.

46.    As to Paragraph 42 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

47.    As to Paragraph 43 of Plaintiff's Complaint, this Defendant repeats and realleges each and every denial and defense as if repeated herein verbatim.

48.    As to Paragraph 44, including subparagraphs a, b, c, d, e, f, g, and h, of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

49.    As to Paragraph 45 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

50.     As to Paragraph 46 of Plaintiff's Complaint, this Defendant repeats and realleges each and every denial and defense as if repeated herein verbatim.

51.     As to Paragraph 47 of Plaintiff's Complaint, this Defendant denies same and demands strict proof thereof.

52.     As to Plaintiff's unnumbered prayer for relief, this Defendant denies Plaintiff is entitled to the requested relief and demands strict proof thereof.

## FOR A FOURTH DEFENSE

53.     This Defendant asserts the provisions of S.C. Code Ann., § 15-78-10, et. seq., as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR A FIFTH DEFENSE

54.     This Defendant asserts the provisions of S.C. Code Ann., § 15-78-70 as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR A SIXTH DEFENSE

55.     This Defendant asserts the provisions of S.C. Code Ann., § 15-78-40 and § 15-78-50 as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR A SEVENTH DEFENSE

56.     This Defendant asserts the provisions of S.C. Code Ann., § 15-78-60 (1), (2), (3), (4), (5), (6), (9), (17), (20), and (23), as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR AN EIGHTH DEFENSE

57.     This Defendant asserts the provisions of S.C. Code Ann., § 15-78-100 as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR A NINTH DEFENSE

58.    This Defendant asserts the provisions of S.C. Code Ann., § 15-78-110 as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR A TENTH DEFENSE

59.    This Defendant asserts the provisions of S.C. Code Ann., § 15-78-120 as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR AN ELEVENTH DEFENSE

60.    This Defendant asserts sovereign immunity as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR A TWELFTH DEFENSE

61.    This Defendant asserts that Plaintiff's prayer for punitive damages is violative of the South Carolina and United States constitutions.

## FOR A THIRTEENTH DEFENSE

62.    This Defendant alleges that Plaintiffs' injuries and damages, if any, were due to, occasioned by, or caused by intervening acts or omissions on the part of someone other than this Defendant, his agents, servants, or employees, without which acts and/or omissions the Plaintiffs would not have sustained any injuries or damages, if any, as are set forth in the Complaint, all of which this Defendant pleads as a bar to this action.

## FOR A FOURTEENTH DEFENSE

63.    This Defendant would allege that he was at all times in the exercise of his discretion in the course of his employment and was acting in good faith and is therefore immune from suit.

## FOR A FIFTEENTH DEFENSE

64.     This Defendant asserts the statutory caps on liability contained within S.C. Code Ann., § 15-78-120 as a limit on Plaintiffs' recovery.

## FOR A SIXTEENTH DEFENSE

65.     This Defendant would allege that any actions in touching or restraining the Plaintiff was exercised reasonably using legal police powers necessary to protect life and property and, therefore, would assert that this is a complete bar to these claims.

## FOR A SEVENTEENTH DEFENSE

66.     This Defendant, upon information and belief, alleges that any injuries or damages allegedly suffered by the Plaintiffs, without admitting same to be true, were due to and caused entirely by the negligence of the decedent or the decedent's negligence which is more than this Defendant's negligence, and that such is a complete bar to the Plaintiffs' recovery herein.  Further, this Defendant, upon information and belief, alleges that if the decedent's negligence was less than this Defendant's negligence, that such negligence should be compared to that negligence of this Defendant, so as to apportion the relative fault as to each party.

## FOR AN EIGHTEENTH DEFENSE

67.     This Defendant asserts S.C. Code Ann., § 16-11-450, as a bar, in whole or in part, to Plaintiff's Complaint.

## FOR A NINETEENTH DEFENSE

68.     That any injuries and damages sustained by the Plaintiffs as alleged in the Complaint were due to and caused by the intervening criminal acts of a third party over which this Defendant had no control.

## FOR A TWENTIETH DEFENSE

69.     This Defendant's actions were objectively reasonable in light of the existing law and, therefore, he is entitled to immunity.

## FOR A TWENTY-FIRST DEFENSE

70.     This Defendant at no time violated any clearly established constitutional rights which were known or should have been known to him and, therefore, he is entitled to immunity.

WHEREFORE, having fully answered the Complaint of the Plaintiffs, this Defendant prays that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.  Further this Defendant prays that this matter be declared frivolous under the South Carolina Frivolous Civil Proceedings Sanctions Act Tort Claims Act, § 15-36-10 et seq. of the Code of Laws of the State of South Carolina, 1976 as amended, and for the relief set forth within S.C. Code Ann., § 16-11-450.

DAVIDSON & LINDEMANN, P.A.

BY:    *s/Matthew B. Rosbrugh*
       WILLIAM H. DAVIDSON, II
       MATTHEW B. ROSBRUGH
       1611 Devonshire Drive, 2nd Floor
       Post Office Box 8568
       Columbia, South Carolina 29202
       wdavidson@dml-law.com
       mrosbrugh@dml-law.com
       (803) 806-8222
       (803) 806-8855

ATTORNEYS FOR DEFENDANT LOWERY

COLUMBIA, SOUTH CAROLINA

March 23, 2010