IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Deloris Blakely, as Personal Representative of the Estate of Lori Jean Ellis,<br>    Plaintiff,<br><br>vs.<br><br>Kershaw County Sheriff's Office, Stephen D. McCaskill, in his capacity as Sheriff of Kershaw County, Tyrell Coleman, William Sowell, South Carolina Department of Natural Resources, John E. Frampton, in his capacity as the Director of the South Carolina Department of Natural Resources, and Gregg Lowery,<br><br>    Defendants. | C/A No.: 3:10-707-JFA<br><br><br>**ORDER** |

  This matter comes before the court on Plaintiff's motion requesting the court to reconsider its order denying Plaintiff's motion to amend her complaint. (ECF No. 25.) The court has reviewed Plaintiff's motion, and, for the reasons that follow, the motion is denied.

  Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, n.5

(2008) (internal citation omitted). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (internal citation omitted). The Fourth Circuit has held a motion to reconsider should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Plaintiff does not seek reconsideration on the basis of an intervening change in controlling law, or on account of new evidence, but requests reconsideration alleging clear error of law.

Plaintiff's motion to reconsider seeks to relitigate matters previously decided by the court and appears to be based largely on her displeasure with the court's prior ruling. Accordingly, the motion is at odds with Baker and Westinghouse and is therefore inappropriate. For the foregoing reasons, Plaintiff's motion for reconsideration is denied. Because the court denies Plaintiff's motion, Defendants John Frampton, Gregg Lowery, and the South Carolina Department of Natural Resources' motion for extension of time is rendered moot.

IT IS SO ORDERED.

September 14, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge